UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
IN RE PHILIP SERVICES CORP. SECURITIES    :    98 Civ. 835 (AKH)
LITIGATION                                :
-----------------------------------------------------------------x
THIS DOCUMENT RELATES TO:                 :    **ORDER REGULATING**
ALL ACTIONS                               :    **EXPERT DEPOSITIONS**
-----------------------------------------------------------------x

ALVIN K. HELLERSTEIN, U.S.D.J.:

   This multi-party, complex case, recently transferred to me, is in the closing stages of pre-trial proceedings. A number of parties have agreed to settlements, and the parties thus affected are carrying out a scheduling order leading to preliminary, and then class, approvals of the settlement. The action, although brought on behalf of a class, was never certified as a class, and certification proceedings are also progressing on a parallel schedule. A hearing to consider preliminary approval of the partial settlements, and to regulate the class certification and notice proceedings, has been scheduled to be held October 26, 2006. Pending depositions of experts are to be concluded by October 20, 2006.

   Last week, I was advised that another significant party, Deloitte & Touche LLP, has agreed with the Plaintiffs on an outline that should lead to settlement of Plaintiffs' claims against that Defendant. Following textual expression of an agreement, the parties will ask me to schedule a hearing as to the fairness of the settlement in relation to non-settling parties. If I find that the settlement is fair, it may lead to the release and discharge of all claims and cross-claims by and against Deloitte & Touche LLP.

   If all settlements are approved, the case will proceed against various directors of Philip Services Corp. I notified the parties that they should expect the case to be tried before the Summer of 2007.

In this context, the parties have asked me to determine if scheduled depositions of experts should proceed on schedule. In a jointly composed letter conforming to Rule 2E of my Individual Rules, the parties have advised me that three depositions of experts have been completed: William Purcell, an expert on damages and causation whom plaintiffs plan to call; James Miller, an expert on the underwriting process whom plaintiffs expect also to call; and Rodney Crawford, an expert on the responsibilities of outside and audit committee directors whom the directors (or some of them) expect to call. Plaintiffs propose, in light of the pending settlement proceedings in relation to Deloitte, to defer depositions of experts relating to their claims against Deloitte, but to proceed with two depositions of experts relating to claims against the non-settling directors, on October 11 and October 18, and to complete them before the scheduled deposition cut-off of October 20, 2006. The two experts are Steve Thel, an expert on corporate governance retained by several of the non-settling directors, and Candace Preston, an expert on damages and causation retained by plaintiffs.

Defendant Deloitte agrees to the suggested postponement of witnesses relating to Plaintiffs' case against Deloitte, and takes no position with respect to experts Thel and Preston. The non-settling Defendants press for all depositions to be taken as scheduled, arguing that the consummation of a settlement with Deloitte is uncertain, and that Defendants will be prejudiced if some depositions proceed while others are postponed.

In the context of this long-pending case and the probability of a settlement with Deloitte, I rule (1) that the depositions of Steve Thel and Candace Preston should proceed as scheduled, on October 11 and 18, respectively; and (2) that the depositions of the several experts scheduled to be taken in relation to claims against Deloitte be postponed, and that consideration as to new dates for taking and completing the depositions can be presented to me at a time to be

set in the context of any fairness proceeding, or earlier, at the request of any party, or *sua sponte*, if settlement proceedings are not soon consummated.

I rule also that the schedule suggested by Plaintiffs and individual Defendants, coordinating the underwriter and the Deloitte settlements is approved: October 18, 2006 for filing of papers in connection with the Deloitte settlements, and November 1, 2006 for filing objections to the class notice, and the settlements with the underwriter Defendants and with Deloitte. The date and time for the preliminary approval hearing will be November 27, 2006, at 3:00 p.m. (rather than the November 15, 2006 date suggested by the parties).

SO ORDERED.

Dated: New York, New York
October 11, 2006

ALVIN K. HELLERSTEIN
United States District Judge